UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDALL REPLOGLE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:13 CV 1467 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Petitioner Randall Replogle has filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Replogle alleges (1) that there was an unlawful search and seizure during the underlying investigation of his case, (2) that his arrest was unlawful, (3) that his statements to police were obtained in violation of his constitutional right against self-incrimination, and (4) that his attorney provided ineffective assistance of counsel. Replogle has also filed a motion for the appointment of counsel. For the reasons set forth below, I will deny Replogle's motions.

**I.	Background**

The following facts are established by Replogle's plea agreement entered in the underlying criminal case:

> On November 18, 2005, in the Eastern District of Missouri, Defendant Randall Replogle persuaded and coerced G.R. to engage in sexually explicit conduct, that is, defendant persuaded and coerced G.R. to lasciviously display her genitals. Defendant videotaped the sexually explicit conduct using a VHS-C videotape that was manufactured outside the state of Missouri and therefore

1

traveled in interstate commerce. G.R. was in defendant's care and control when defendant videotaped her. G.R. was 12 years old when defendant persuaded and coerced her to engage in the sexual conduct so that defendant could videotape the sexual conduct.

Case No. 4:08 CR 505 RWS [Doc. # 43, p. 8].

On August 21, 2008, Replogle was indicted on three counts of Production of Child Pornography in violation of Title 18, United States Code, Section 2251(a). On August 13, 2009, following a psychological examination, then Magistrate Judge Audrey Fleissig concluded that Replogle was mentally competent to stand trial.

On August 19, 2009, Replogle's Federal Public Defender filed a Motion to Suppress Evidence and Statements on behalf of Replogle. Specifically, the motion sought to suppress evidence obtained pursuant to a warrant to search Replogle's residence, statements Replogle made to officers after his arrest, evidence obtained as a result of a search of Replogle's computers and electronic media, and evidence obtained as a result of a search and seizure of a video camera. After an evidentiary hearing, the Magistrate Judge filed a Report and Recommendation recommending denial of the motion to suppress evidence and statements. Replogle timely filed objections to the Report and Recommendation.

On November 19, 2009, Replogle pleaded guilty to Count One of the indictment, pursuant to a written plea agreement with the Assistant United States Attorney ("AUSA"). In exchange for his plea of guilty, the AUSA agreed to move to dismiss the remaining counts and agreed not to bring any further federal charges related to Replogle's production of child pornography as charged in the indictment.

At the change of plea hearing, Replogle announced that he was ready to plead guilty. Case No. 4:08 CR 505 RWS [Doc. # 62, p. 3]. Replogle stated that his attorney had read the plea agreement to him word for word, that he understood what was in the plea agreement, and that

everything in the plea agreement was true. Id. at 4, 9. Replogle further acknowledged that he was giving up his right to trial and agreed to waive his right to contest his conviction or sentence, with certain limited exceptions. Additionally, Replogle affirmed that he had had enough time to talk about his case with his attorney and that he was satisfied with her representation of him. Id. at 7. After finding that Replogle was competent to proceed, I advised Replogle that the maximum possible sentence for the crime to which he was pleading guilty was a prison term of not less than 15 years and not more than 30 years. Replogle said that he understood. Id. at 17. Replogle also said he understood that if he received a sentence that was more severe than he had hoped for, he would not be able to withdraw his guilty plea. Id.

On February 26, 2010, Replogle appeared in court for sentencing. At that time, Replogle claimed that he had not committed the crime to which he had pleaded guilty and that he wanted a trial. Case No. 4:08 CR 505 RWS [Doc. # 59, p. 7-8]. Based on my finding that Replogle was competent at the time he entered his guilty plea, that his plea was knowing and voluntary, and that he had established no fair and just reason to withdraw his plea, I did not allow Replogle to withdraw his guilty plea. Id. at 16-18. I sentenced Replogle to 30 years in prison.

Replogle filed a direct appeal of his sentence to the United States Court of Appeals for the Eighth Circuit. In his direct appeal, Replogle argued that I erred in applying two sentencing enhancements under the guidelines, in failing to address the sentencing factors under 18 U.S.C. § 3553(a), and in imposing an unreasonable sentence. The Eighth Circuit affirmed the sentence. United States v. Replogle, 628 F.3d 1026 (8th Cir. 2011). A petition for *certiorari* was granted by the Supreme Court and the matter was remanded to the Eighth Circuit for further consideration in light of Tapia v. United States, 131 S. Ct. 2382 (2011). Replogle v. United States, 132 S. Ct. 401 (2011). On remand, the Eighth Circuit again affirmed the sentence. United States v. Replogle, 678 F.3d 940 (8th Cir. 2012), cert. denied, 133 S. Ct. 771 (2012). In his direct appeal to the Eighth Circuit, Replogle never raised any of the matters raised in his pretrial motion to suppress evidence and statements.

Replogle filed the present motion to vacate, set aside or correct his sentence on or about July 25, 2013. Replogle raises a number of grounds in support of his motion. Replogle appears to claim (1) that there was an unlawful search and seizure during the underlying investigation of his case, (2) that his arrest was unlawful, (3) that his statements to police were obtained in violation of his constitutional right against self-incrimination, and (4) that his attorney provided ineffective assistance by not advising him about her investigation of the case, by not showing him evidence, and by stating that he was guilty when he wanted to plead not guilty.

## II.     Discussion

*A.  Search, Arrest, and Statements*

Replogle's claims relating to the search of his residence and personal effects, his arrest, and the statements he made to law enforcement are procedurally barred. Replogle could have raised these claims on direct appeal, but he failed to do so. If a claim could have been raised on direct appeal but was not, it is procedurally defaulted and cannot be raised in a § 2255 motion unless the "defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted)).

Replogle does not attempt to show cause for his procedural default. He does, however, claim that he is actually innocent of the crime to which he pleaded guilty. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal citations and quotations omitted). '[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id.

Replogle has failed to establish his actual innocence. His motion is woefully deficient and lacking in evidence to show that he is innocent of the crime to which he pleaded guilty. See Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997) (holding bare, conclusory assertions of innocence, without producing evidence, was insufficient to establish actual innocence claim in state habeas proceeding). Replogle seems to suggest that the victim's brother committed the crime, but he offers no evidence to support this suggestion. Replogle claims that the victim, G.R., gave a deposition in the related state case, but Replogle offers nothing, beyond his bare allegation, to show that a deposition was taken. Replogle's attorney here inquired of Replogle's attorney in the state case about this alleged deposition and learned that no such deposition had been taken. Affid. ¶4. To date, Replogle has not provided evidence that any such deposition was ever taken. Replogle also implies that a witness, D.B., has information favorable to him. Replogle's counsel, through her investigator, made efforts to interview D.B. but received information that D.B. did not want to talk with the investigator. Affid. ¶5. Replogle has submitted no affidavit, statement or any other evidence to show that D.B. has any information or what that information might be.

Replogle has produced no evidence establishing his actual innocence. To the contrary, he admitted, under oath, to being guilty of Production of Child Pornography as alleged in Count One of the indictment. Moreover, he admitted that the facts contained in the plea agreement were true. Because Replogle cannot show cause and prejudice to excuse his procedural default, and because he cannot establish his actual innocence, his claims relating to the search of his residence and personal effects, his arrest, and the statements he made to law enforcement are procedurally barred.

B. *Ineffective Assistance of Counsel*

Replogle appears to assert that he received ineffective assistance of counsel from his attorney. The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To succeed on a claim for ineffective assistance of counsel, Replogle must demonstrate: (1) that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that his counsel's "performance prejudiced the defense." Id. at 687. The court need not address both components if Replogle makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

To prove the first prong, Replogle must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. When evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. And, to "eliminate the distorting effects of hindsight," courts examine counsel's performance from counsel's perspective at the time of the alleged error. Id.

To prove the second prong, Replogle "must show that the deficient performance prejudiced the defense." Id. at 687. Here, in the context of a guilty plea, Replogle "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Replogle's claim of ineffective assistance of counsel is undermined by the record. Replogle now claims that his attorney did not advise him about her investigation of the case, did not show him evidence, and stated that he was guilty when he wanted to plead not guilty.

But in the plea agreement, which Replogle signed, he expressly acknowledged that he "has reviewed the government's evidence," discussed the case with his attorney, and that his attorney "has completely and satisfactorily explored all areas which [Replogle] has requested relative to the government's case and any defenses." Case No. 4:08 CR 505 RWS [Doc. # 43, p. 12].

This is consistent with the statements in his attorney's sworn affidavit. In her affidavit, Replogle's attorney states that she "delivered all discovery on the case to Mr. Replogle." Affid. ¶6. In addition, during a meeting with Replogle, his attorney played Replogle's recorded statement to police. Id. Replogle's attorney states that she thoroughly reviewed the discovery with Replogle and discussed the Government's case with Replogle each time she visited him. Id. Additionally, at the change of plea hearing, Replogle clearly acknowledged that he had had enough time to consult with his attorney and that he was satisfied with her representation of him. Case No. 4:08 CR 505 RWS [Doc. # 62, p. 7].

Replogle's claim that he did not want to plead guilty is also undermined by the record. At the change of plea hearing, Replogle clearly expressed his intention to plead guilty on more than one occasion. Early in the proceeding, Replogle tried to ask me a question. I instructed Replogle to consult with his attorney and then said, "If you're not prepared to go through with this hearing, you might as well tell me that now." Replogle replied, "I'm ready." Case No. 4:08 CR 505 RWS [Doc. # 62, p. 3]. Later on in the proceeding, after I advised Replogle of the rights he was giving up by entering a guilty plea, Replogle persisted in his desire to plead guilty. Id. at 6-9. The facts establishing Replogle's commission of the crime were recited, and Replogle acknowledged that the facts were true. Id. at 16-17. Finally, after I advised Replogle of the potential penalties to which he was subjecting himself by pleading guilty, Replogle still decided to plead guilty. Id. at 17-19.

Replogle attorney's sworn affidavit also supports the finding that pleading guilty was Replogle's decision. According to his attorney's affidavit, she met with Replogle on multiple occasions. During those meetings, they discussed the Government's plea offer, the effect of the guidelines, the penalties Replogle was facing, and the trial process. After these meetings, Replogle made the decision to plead guilty. Affid. ¶¶7-12.

The record further establishes that Replogle was competent to enter a plea of guilty. After a pretrial psychological examination, Replogle was determined to be competent to understand the nature of the charges against him and to assist in his own defense. And at the change of plea hearing, I found Replogle competent to enter a guilty plea.

In short, the record of the proceedings, the plea agreement, the transcript of the change of plea hearing, and the sworn statements of Replogle's attorney all undermine the allegations Replogle makes in support of his claim of ineffective assistance of counsel. Replogle has offered nothing in support of his claims other than his own bare assertions. As a result, as both a legal and a factual matter, Replogle has failed to establish that his attorney provided ineffective assistance under Strickland. As a result, I will deny his claim.

### III.    Motion for Appointment of Counsel

Replogle has filed a motion for appointment of counsel. There is neither a constitutional nor a statutory right to counsel in § 2255 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); 28 U.S.C. § 2255(g). If, as here, no evidentiary hearing is necessary, the appointment of counsel is discretionary. Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). In determining whether the appointment of counsel is necessary, the court should consider whether petitioner has presented a non-frivolous claim, the legal and factual complexity of the case, the

movant's ability to investigate and present the claim, and any other relevant factors. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).

Having considered the relevant factors, I do not believe that appointment of counsel is necessary in this case. Replogle 's claims are meritless as demonstrated by the record of the case, his own statements during the plea colloquy, and his signed plea agreement. Moreover, Replogle's motion is not factually or legally complex, and although it is not the pinnacle of clarity, he has demonstrated that he understands the issues and is capable of adequately presenting his claims without an attorney. For these reasons, I am denying the motion for appointment of counsel. See Hoggard, 29 F.3d at 472.

### IV.     Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2255 proceeding unless a circuit justice or judge issues a Certificate of Appealability. To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. § 2253(c)(2); see Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997). I find that reasonable jurists could not differ on any of Replogle's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED that** the motion of Randall Replogle to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED that** Replogle's motion to appoint counsel [# 10] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Replogle has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                        RODNEY W. SIPPEL
                                        UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2014.